NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MIRAYES, | |
|        Plaintiff, | CIVIL NO. 07-868 (GEB) |
| v. | |
| STATE OF NEW JERSEY, | **MEMORANDUM OPINION** |
|        Defendant. | |

**BROWN, Chief District Judge**

    This matter comes before the Court upon unnamed Defendants Thomas S. Ferguson, James D. Donegan and Tara J. Kirkendall (hereinafter "Defendants") Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Docket Entry # 5].  The Court, having read and fully considered all of the parties' submissions, has decided this matter without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons discussed below, Defendants' Motion to Dismiss is GRANTED.

**I.    BACKGROUND**

    Plaintiff Michael Mirayes (hereinafter "Plaintiff") filed a Complaint on February 22, 2007.  The Complaint alleges violations by Defendants of Plaintiff's Second Amendment rights as guaranteed by the United States Constitution, as well as violations of Title 42, United States Code, Section 1983.

    Specifically, Plaintiff's Complaint alleges that his personal firearms were seized after he was charged with "a domestic situation."  Plaintiff further alleges that he appealed the State of

New Jersey's failure to return his firearms to both the New Jersey Superior Court, Appellate Division and the New Jersey Supreme Court.  Plaintiff alleges that both appeals were denied. (Compl., p. 4).  Plaintiff's Complaint seeks to have this Court "clarify" N.J.S.A. 2C:58-3(c) (the alleged basis for the State's failure to return Plaintiff's firearms), and "it's applicability for him to legally own and possess firearms."  Plaintiff further seeks "an explanation of denial [if said statute is not applicable] pursuant to law, as this was not done by the N.J. Supreme Court or Lower Courts . . . [and] [i]f said statute is applicable, Plaintiff request[s] an explanation, of why he is being, denied his constitutional rights?"  (Compl., p. 7).

## II.   DEFENDANTS' MOTION

Defendants argue that unnamed defendants[1], who were the prosecutors involved in Plaintiff's underlying state court case, are absolutely immune pursuant to the United States Supreme Court holding in <u>Imbler</u>.

Defendants further argue that this Court lacks subject matter jurisdiction as a matter of law pursuant to the <u>Rooker-Feldman</u> doctrine set forth by the Supreme Court, which holds that state appellate jurisdiction can only be found in the United States Supreme Court.

## III.   STANDARDS OF REVIEW

### A.   12(b)(6)

A motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the Complaint as true, and viewing them in the light most favorable

---

[1] The caption of Plaintiff's Complaint names only the State of New Jersey as a defendant. However, in the "parties" section of the Complaint, Plaintiff names Defendants.  Further, Plaintiff served Defendants with summons.  Therefore, as Plaintiff is *pro se*, the Court will read the pleading liberally and assume, for purposes of this Motion, that Defendants are intended defendants on behalf of Plaintiff.  <u>Haines v. Karner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).

to Plaintiff, Plaintiff is not entitled to relief. Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000); Langford v. City of Atl. City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). The Court may not dismiss the Complaint unless a plaintiff can prove no set of facts that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985), cert. denied, 474 U.S. 935 (1985). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Jackson v. Birmingham Bd. of Educ., 125 S. Ct. 1497, 1510 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991) (citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); see also Langford, 235 F.3d at 850; Dykes v. SE. Pa. Transp. Auth., 68 F.3d 1564, 1565, n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142 (1996); Piecknick v. Commw. of Pa., 36 F.3d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the claim." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). Legal conclusions made in the guise of factual allegations, however, are

given no presumption of truthfulness.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) ( "[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.").

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004) (complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.    12(b)(1)**

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the Court's "authority or competence to hear and decide the case."  5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1350 (West 1990); see also Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 885-86 (3d Cir. 1997); 2 Moore's Federal Practice 3d., ¶ 12.30[1]

(Matthew Bender 1997). In the absence of subject matter jurisdiction, this Court is without power to hear this case. See id. Unlike state courts, the federal courts are courts of limited jurisdiction. The presumption is that the Court is without jurisdiction unless the party asserting jurisdiction demonstrates in the record that jurisdiction is proper. See Bender v. Willimsport Area School Dist., 475 U.S. 534, 546 (1986); Packard v. Provident Nat'l Bank, N.A., 994 F.2d 1039, 1045 (3d Cir.), *cert. denied sub nom.*, Upp v. Mellon Bank, 510 U.S. 964 (1993). Moreover, the Court is obligated to examine the issue of subject matter jurisdiction even if the parties concede the existence of jurisdiction. See Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n, 90 F.3d 797, 801 (3d Cir. 1996) (citations omitted). In making its determination, the Court is not confined to examining the face of the pleading, but may consider other evidence demonstrating the existence or lack of jurisdiction, and may make factual findings when necessary to the extent that there are disputes of fact. See 2 Moore's Federal Practice at ¶ 12.30[3].

There are two types of Rule 12(b)(1) motions: those that attack the complaint on its face and those that attack the existence of subject matter jurisdiction in fact, quite apart from any pleading. See Cohen v. Kurtzman, 45 F. Supp.2d 423, 428 (D.N.J. 1999) (citations omitted). Under a facial attack, the allegations of the complaint are taken as true. See id. (citations omitted). In a motion attacking the existence of subject matter jurisdiction, however, no presumptive truthfulness attaches to the allegations in the complaint. See id. (citations omitted).

IV.     DISCUSSION

    A.     **Rooker/Feldman**

This Court can not function as a means by which Plaintiff, dissatisfied with the

disposition of his claims in the New Jersey court system, can seek either appellate relief or a trial de novo.  See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (holding that federal district courts maintain the power to exercise original jurisdiction only, and that the United States Supreme Court was the only judicial body with appellate authority to "reverse or modify" a state-court judgment); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (reaffirming Rooker rule); Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984), cert. denied, 474 U.S. 968 (1985) (reiterating the settled rule that a plaintiff may not seek a reversal of a state court judgment simply by recasting the complaint in the form of a civil rights action); Rosquist v. Jarrat Constr. Corp., 570 F. Supp. 1206, 1210 (D.N.J. 1983) (same).

      Here, Plaintiff's Complaint is a text-book example of a request that violates the Rooker-Feldman doctrine.  As previously noted, Plaintiff's Complaint requests "clarification, from the United States District Court, regarding the interpretation of the aforementioned statute . . . and it's applicability for him to legally own and possess firearms . . . [and if it] is not applicable . . . an explanation of denial . . . as this was not done by the N.J. Supreme Court or Lower Courts." (Compl., p. 6).  Further, Plaintiff "demand[s], the U.S. District Court, dismiss all orders of denials, and grant review, on the basis of divergent decisions, emerging from the lower courts, and reinstate Plaintiff's 2nd Amendment Right . . ." (Id. at p. 7).  In essence, Plaintiff is asking that this Court review the state court rulings in Plaintiff's underlying case, determine whether said rulings were proper, and if not, "reinstate" Plaintiff's right to bear arms.  Such "demands" ultimately require this Court to take an appellate posture over the state court rulings, which this Court clearly cannot do pursuant to the Rooker-Feldman doctrine.

For these reasons, the Court is constrained to dismiss Plaintiff's Complaint. The Court is cognizant of this Circuit's general rule that *pro se* plaintiffs should be allowed to amend their complaints before a court rules upon a motion to dismiss, if the initial complaint presents an inartfully pleaded but conceivably colorable claim. See Roman v. Jeffes, 904 F.2d 192, 196 n.8 (3d Cir. 1990). In this case, however, it is clear that Plaintiff's Complaint is so contrary to the long standing and clearly set precedent of the United States Supreme Court that leave to amend would be futile. Plaintiff's Complaint shall therefore be dismissed in its entirety with prejudice for lack of subject matter jurisdiction pursuant to F.R.Civ.P. 12(b)(1).

### B. Immunity

Assuming, *arguendo*, that Plaintiff's Complaint did not violate the Rooker-Feldman doctrine, Plaintiff would still be precluded from bringing his civil action against the unnamed Defendants as they are immune from civil suit.

Specifically, it is a long held rule that prosecutors enjoy absolute immunity from civil suits for actions taken in their role as prosecutors. See Imbler v. Pachtman, 424 U.S. 409 (1976). "[T]he purpose of absolute immunity for prosecutors [is] to allow [them] to make decisions regarding the initiation and conduct of criminal cases without fear of retaliating lawsuits." Reed v. County of Bergen, 1987 U.S. Dist. LEXIS 4855, *7-8 (citing Gray v. Bell, 712 F.2d 490 (D.C. Cir. 1983), cert. denied, 465 U.S. 1100 (1983).

In the case at bar, scant evidence is provided for this Court's review outside of the Complaint and the instant motion. However, on the face of Plaintiff's Complaint, and accepting the allegations in the Complaint as true, the Defendants are indeed the prosecutors for Plaintiff's underlying "domestic situation." They are therefore absolutely immune from civil suit, and any

claims asserted by Plaintiff against Defendants shall be alternatively dismissed on that basis, and in accordance with F.R.Civ.P. 12(b)(6).

Additionally, "[o]fficials exercising discretionary powers are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" D.R. by L.R. v. Middle Bucks Area Vo. Tech. School, 972 F.2d 1364, 1368 (3d Cir. 1992) (en banc), cert.denied, 113 S.Ct. 1045 (1993). Therefore, even if the defendants do not qualify for absolute immunity, they are immune from Plaintiff's claims if their actions were objectively reasonable, i.e. if they conducted themselves in a manner reasonably calculated to accomplish their official duties. Plaintiff fails to show that Defendants actions were unreasonable, and as such, Plaintiff's claims against Defendants may be dismissed on this basis as well.

    **C.**    **Eleventh Amendment**

Again assuming, *arguendo*, that Plaintiff's Complaint is not barred under the Rooker-Feldman doctrine, Plaintiff's named defendant (the State of New Jersey) is nevertheless protected from suit by the Eleventh Amendment to the United States Constitution.

Specifically, the Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Eleventh Amendment does not explicitly prohibit lawsuits by a State's own citizens, but the United States Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-663 (1974). Thus, "for over

a century now, [the Supreme Court has] made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000) (citing College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 507 U.S. 44 (1996)). Therefore, absent waiver, neither a state, nor agencies under its control may be subjected to lawsuits in federal court. See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Welch v. Texas Dep't of Highways and Public Transp., 483 U.S. 468, 473 (1987). Eleventh Amendment immunity constitutes an affirmative defense and, as such, it must be shown by the party seeking to assert the benefit of immunity. See Christy v. Pennsylvania Tpk. Comm'n, 54 F.3d 1140, 1144 (3d Cir. 1995). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." Board of Trustees of the Univ. of Alabama v. Garrett, 121 S. Ct. 955, 962 (2001) (citing Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000)).

Because Plaintiff's only named defendant is the State of New Jersey, Plaintiff is prohibited from suing the State of New Jersey in federal court pursuant to the Eleventh Amendment. All claims against the State of New Jersey may therefore be alternatively dismissed pursuant to F.R.Civ.P. 12(b)(6) on that basis.

V.   **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to F.R.Civ.P. 12(b)(1) and alternatively, F.R.Civ.P. 12(b)(6) is GRANTED.

 s/Garrett E. Brown, Jr.
**GARRETT E. BROWN, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

Dated: May 10th, 2007